Justice THOMAS, dissenting.
I agree with Justice SCALIA that the merits of the District Court's decision are not properly before the Court. I write only to point out another, more fundamental, defect in the Court's disposition: We lack jurisdiction to review even the Court of Appeals' denial of permission to appeal.
Congress has granted this Court jurisdiction to review "[c]ases in the courts of appeals" by writ of certiorari. 28 U.S.C. § 1254. Purporting to act pursuant to this grant of jurisdiction, the majority today reviews the decision of the Court of Appeals to deny an application for permission to appeal a remand order. But such an application is not a case: It " 'does not assert a grievance against anyone, does not seek remedy or redress for any legal injury, and does not even require a "party" on the other side.' " Miller-El v. Cockrell,537 U.S. 322, 355, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003)(THOMAS, J., dissenting) (quoting Hohn v. United States,524 U.S. 236, 256, 118 S.Ct. 1969, 141 L.Ed.2d 242 (1998)(SCALIA, J., dissenting)).
To justify its action here, the majority quietly extends an opinion of this Court holding that applications for certificates of appealability (COAs) in the federal habeas context are "cases." Hohn, supra. Hohnwas wrongly decided, and the majority's uncritical extension of its holding only compounds the error. Hohnrests tenuously on the conclusion that the determination that must be made on an application for a COA is more like a threshold determination than a separate judicial proceeding. See id.,at 246-248, 118 S.Ct. 1969. The basis for that conclusion, if any exists, must rest on features unique to the COA: "The COA determination ... requiresan overview of the claims in the habeas petition and a general assessment of their merits." Miller-El, supra,at 336, 123 S.Ct. 1029(emphasis added). The best argument one could make in favor of Hohnis that, because a court's decision on an application for a COA turns on the strength of the applicant's grievance and his entitlement to relief, the application absorbs the case-like qualities of the underlying merits case. See Hohn, supra,at 248, 118 S.Ct. 1969.
No such osmosis could transform an application for permission to appeal a remand order into a "case." As Justice SCALIA explains, the decision whether to permit such an appeal requires no assessment of the merits of a remand order. See ante,at 558 - 559 (dissenting opinion). The application here is nothing more than a request for discretionary permission to seek review. See Miller-El, supra, at 355, 123 S.Ct. 1029(THOMAS, J., dissenting). The Tenth Circuit having denied that permission, no "case" ever arrived "in the court of appeals." I would dismiss for lack of jurisdiction.